UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **SANDRA GUTIERREZ** | : |
| c/o Jayesh Rathod | : |
| International Human Rights Law Clinic | : |
| American University | : |
| 4801 Massachusetts Avenue, NW | : |
| Suite 417 | : |
| Washington, DC  20016 | : |
|     *Plaintiff* | : |
|     v. | : **Civil Action No.** |
| **RED COATS, INC.** | : |
| 4401 East-West Highway | : |
| Bethesda, MD  20814 | : |
|     *Defendant* | : |
|     Serve: | : |
|     Prentice Hall Corporation System | : |
|     1090 Vermont Avenue, NW | : |
|     Washington, DC  20005 | : |

**COMPLAINT**

Plaintiff Sandra Gutierrez ("Ms. Gutierrez"), by and through undersigned counsel, hereby files this civil action against Defendant Red Coats, Inc. ("Red Coats") pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e et seq. (2000) and the District of Columbia Human Rights Act ("DCHRA"), as amended, District of Columbia Code § 2-1401 et seq., (2006).  Plaintiff seeks compensatory damages for her illegal and discriminatory dismissal on the bases of national origin (El Salvadoran) and race (Hispanic).

**JURISDICTION AND VENUE**

1)   Ms. Gutierrez's claims under 42 U.S.C. § 2000e et seq. give rise to federal question subject matter jurisdiction in this Court pursuant to 28 U.S.C. § 1331.   Pursuant to 28 U.S.C. § 1367,

this Court has supplemental, and/or pendant subject matter jurisdiction over the DCHRA and common law claims.

2) The Court has personal jurisdiction over Defendants Red Coats, Inc. insofar as it performed the actions and omissions at issue within the District of Columbia.

3) Venue in this action properly lies in the United States District Court for the District of Columbia pursuant to 28 U.S.C. § 1391, insofar as the events giving rise to this action took place in the District of Columbia.

## PARTIES

4) Ms. Gutierrez is an adult resident of the District of Columbia. She is an El Salvadoran national and of Hispanic descent. At all times relevant to this Complaint, she was an employee of defendant Red Coats in its janitorial business and was assigned to the Red Coats cleaning crew at 2121 Virginia Avenue, NW, Washington, DC ("2121 Virginia Avenue"), a building managed by Lenkin Company Management Inc. ("Lenkin").

5) For purposes of this Complaint, Ms. Gutierrez's address is listed as undersigned counsel's address.

6) Defendant Red Coats is a Maryland corporation doing business as a foreign corporation in the District of Columbia. Upon information and belief, at all times relevant to this Complaint, defendant Red Coats was under contract with defendant Lenkin to perform janitorial services at 2121 Virginia Avenue, including all services performed by Ms. Gutierrez.

## EXHAUSTION OF REMEDIES

7) Ms. Gutierrez has exhausted administrative requirements in support of her claims against defendants and has received a Notice of Right to File Suit from the U.S. Equal Employment

and Opportunity Commission prior to filing this Complaint in Federal Court.  See Exhibit 1 (EEOC Notice) and Exhibit 2 (Withdrawal of Administrative Complaint).

## STATEMENT OF FACTS

8)    Ms. Gutierrez began her employment with defendant Red Coats on or about November 8, 2004.

9)    Defendant Red Coats was aware that Ms. Gutierrez was an El Salvadoran national and Hispanic individual with limited English proficiency when she was hired.  Ms. Gutierrez understood English well enough to carry out all tasks of her employment, follow directions from her supervisor, and interact with English-speaking individuals in the building.

10)   Defendant Red Coats assigned Ms. Gutierrez to be part of the five-person cleaning crew at 2121 Virginia Avenue, NW, Washington, DC, under the supervision of Ms. Charlene Anderson, defendant Red Coats' on-site supervisor.

11)   The five person cleaning crew at 2121 Virginia Avenue consisted of Ms. Gutierrez, Ms. Anderson (African-American), Ruth Fox (African-American), Mantez Warren (African-American), and Hugo Paz (Hispanic, El Salvadoran).  Ms. Anderson served as the supervisor for the crew, and Ms. Fox filled in at the position during Ms. Anderson's absence.

12)   Defendant Red Coats' off-site building manager for 2121 Virginia Avenue was Kelso Stewart (African American).

13)   Cynthia Cumbo (African-American) was Lenkin's building property manager and Julio Sanchez (Hispanic, nationality unknown) was the Lenkin property engineer along with another African-American male.

14)   Upon information and belief, among the persons identified in paragraphs 11, 12, and 13 above, only Ms. Gutierrez, Mr. Paz, and Mr. Sanchez spoke and understood Spanish.

15) As native Spanish speakers who lack English proficiency, Ms. Gutierrez and Mr. Paz communicated in Spanish during scheduled work breaks. Ms. Gutierrez and Mr. Paz did not engage in extensive conversation outside of the 2nd floor office where they took their breaks.

16) Ms. Gutierrez's duties consisted of cleaning the 5th and 7th floors, including sweeping, mopping, dusting, cleaning glass doors and windows, replenishing restroom supplies, restroom cleanup, vacuuming, and removing refuse.

17) Defendant Red Coats and/or its agents did not inform Ms. Gutierrez of any company policy prohibiting interaction with Red Coats co-workers, Lenkin employees, or building tenants.

18) It was customary for Red Coats employees at 2121 Virginia Avenue to follow miscellaneous directives from the Red Coats supervisor and Lenkin staff, including Mr. Sanchez. Upon information and belief, Red Coats and Lenkin staff members interacted with each other during the work day regarding building maintenance.

19) Ms. Gutierrez would communicate with Mr. Sanchez in Spanish because she was not fluent in English. Ms. Gutierrez did not speak to Mr. Sanchez about Red Coats' company policies or personal issues.

20) During the course of her employment, Ms. Gutierrez interacted with her co-workers and Lenkin staff in a professional and cordial manner. When other crew members were absent, she performed extra cleaning duties and worked to ensure that all the tasks were completed. Ms. Gutierrez did not receive any reprimands or warnings, either verbal or written, by any Red Coats or Lenkin staff member, regarding her conduct or performance, until she was fired on April 4, 2005.

21) Ms. Gutierrez was meeting Defendant Red Coats' reasonable expectations regarding her conduct and performance.

22) On or about April 1, 2005, Mr. Stewart called all the Red Coats employees for a meeting. The Red Coats employees present at the meeting were Ms. Anderson, Ms. Fox, Ms. Gutierrez, Mr. Warren, and Mr. Paz. Also present was Mr. Sanchez, Lenkin's building engineer.

23) Mr. Stewart conducted the meeting in English. Although Mr. Sanchez was requested to attend the meeting to translate for Ms. Gutierrez and Mr. Paz, he interpreted very little of the actual statements made at the meeting. To the best of Ms. Gutierrez's knowledge and understanding, Mr. Warren had complained that she and Mr. Paz were speaking Spanish. Mr. Stewart stated that if Ms. Cumbo wanted to take disciplinary action against Ms. Gutierrez and Mr. Paz, he would support and abide by her decision. Mr. Stewart did not ask Ms. Gutierrez or Mr. Paz any questions regarding Mr. Warren's allegations.

24) At the conclusion of the meeting, Mr. Sanchez told Ms. Gutierrez to resume working. She was not told that there were problems with her work performance, or that she was going to be reassigned to a different building, or that she was being terminated.

25) On Monday, April 4, 2005, Ms. Gutierrez arrived at 2121 Virginia Avenue at around 7 a.m., prepared to work. Ms. Gutierrez attempted to sign in as she normally did but was stopped by Ms. Anderson. Ms. Anderson told Ms. Gutierrez that she no longer had a job with Red Coats and that there was nothing she could do about it. Ms. Gutierrez asked why and Ms. Anderson handed her an email from Ms. Cumbo. The email directed Mr. Stewart to replace Ms. Gutierrez and Mr. Paz with "English speaking individuals." See Exhibit 3 (Cumbo Email).

26) Ms. Anderson also attempted to have Ms. Gutierrez acknowledge receipt of a "third warning," which was written in English. As Ms. Gutierrez had never received a first or second warning regarding her work performance, she refused to sign the paper.

27) Defendant Red Coats did not ever communicate, orally or in writing, to Ms. Gutierrez that she was eligible for a different position within the company and/or that she should

keep in contact with the Building Supervisor; Ms. Gutierrez was simply told that she was no longer an employee of Red Coats and that she should hand in her Red Coats uniform and identification badge.

28) Ms. Gutierrez was immediately replaced by an African-American female, who started working at 2121 Virginia Avenue the same morning Ms. Gutierrez was fired.

29) The following day, Mr. Paz, Defendant Red Coats' only other Hispanic and El Salvadoran employee assigned to 2121 Virginia Avenue, was also fired. Mr. Paz was also replaced by an African-American individual on the same day he was terminated.

30) Upon information and belief, similarly situated African-Americans were not treated in the same manner as Ms. Gutierrez and Mr. Paz, the Hispanic and El Salvadoran employees. Disparities in treatment regarding disciplinary actions between African-American and Hispanic employees result in significant differentiation in the terms and conditions of employment for these employees.

## COUNT I
### (Discrimination on the Basis of National Origin and Race – Title VII)

31) Ms. Gutierrez hereby incorporates paragraph 1 through 30 by reference.

32) Ms. Gutierrez was qualified for her position as member of a cleaning crew.

33) Ms. Gutierrez did not receive any reprimands or warnings, either verbal or written, by any Red Coats or Lenkin staff member, regarding her conduct or performance, until she was fired on April 4, 2005.

34) Ms. Gutierrez had amicable and professional relationships with her supervisors and co-workers over the course of her employment.

35) Similarly situated African-Americans were not treated in the same manner as Ms. Gutierrez.

36) Defendant unlawfully discriminated against Ms. Gutierrez on the bases of her national origin and race when it terminated her employment because Ms. Gutierrez was speaking Spanish.

37) Ms. Gutierrez alleges that this intentional act violates Title VII and federal regulations.

38) As a direct and proximate cause of defendant's intentional acts and/or agents or employees acting on its behalf, Ms. Gutierrez suffered harm, including loss of pay and benefits.

39) WHEREFORE, Ms. Gutierrez demands judgment against Defendant and respectfully requests the Court to enter judgment for Ms. Gutierrez against Defendant on all Counts, award Ms. Gutierrez full back pay, including salary, benefits, and other entitlements retroactive to the date of the unlawful termination, compensatory damages, attorneys' fees, court costs, interest, and expenses and any such other equitable and legal relief as the Court deems necessary and appropriate.

## COUNT II
**(Discrimination on the Basis of National Origin and Race – DC Human Rights Act)**

40) Ms. Gutierrez hereby incorporates paragraph 1 through 39 by reference.

41) Ms. Gutierrez was qualified for her position as member of a cleaning crew.

42) Ms. Gutierrez did not receive any reprimands or warnings, either verbal or written, by any Red Coats or Lenkin staff member, regarding her conduct or performance, until she was fired on April 4, 2005.

43) Ms. Gutierrez had amicable and professional relationships with her supervisors and co-workers over the course of her employment.

44) Similarly situated African-Americans were not treated in the same manner as Ms. Gutierrez.

45) Defendant unlawfully discriminated against Ms. Gutierrez on the bases of her national origin and race when it terminated her employment because Ms. Gutierrez was speaking Spanish.

46) Ms. Gutierrez alleges that this intentional act violates DCHRA and implementing regulations.

47) As a direct and proximate cause of Defendant's intentional acts and/or agents or employees acting on its behalf, Ms. Gutierrez suffered harm, including loss of pay and benefits.

48) WHEREFORE, Ms. Gutierrez demands judgment against the defendants and respectfully requests the Court to enter judgment for Ms. Gutierrez against Defendant on all Counts, award Ms. Gutierrez full back pay, including salary, benefits, and other entitlements retroactive to the date of the unlawful termination, compensatory damages, attorneys' fees, court costs, interest, and expenses and any such other equitable and legal relief as the Court deems necessary and appropriate.

Respectfully submitted,

By: _____
Jayesh Rathod, Esquire
DC Bar No. 480094
International Human Rights Law Clinic
Washington College of Law
American University
4801 Massachusetts Avenue, NW
Suite 417
Washington, DC 20016
Tel. (202) 274-4459
Fax (202) 274-0659
jrathod@wcl.american.edu

Date: December 27, 2006

EEOC Form 161-B (3/98)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| | |
|---|---|
| **To:** Sandra Gutierrez<br>c/o Jayesh Rathod, Esq.<br>Washington College of Law<br>American University<br>4801 Massachusetts Avenue, NW, Suite 417<br>Washington, DC 20016 | **From:** Washington Field Office - 570<br>1801 L Street, N.W.<br>Suite 100<br>Washington, DC 20507 |

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))*

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 10C-2006-00107 | David Gonzalez,<br>State & Local Coordinator | (202) 419-0714 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of the charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of your charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*[signature: Dana R. Hutter]*

Dana Hutter,
Director

November 27, 2006
*(Date Mailed)*

Enclosure(s)

cc: Mr. Blain Wilson
Red Coats, Inc.
4401 East West Highway
Bethesda, MD 20814

**PLAINTIFF'S EXHIBIT 1**

# GOVERNMENT OF THE DISTRICT OF COLUMBIA
## Office of Human Rights



**Judiciary Square Office**
441 4th Street, NW, Suite 570N
Washington, DC 20001
Phone: (202) 727-4559 Fax: (202) 727-9589

**Penn Branch Office**
3220 Pennsylvania Avenue, SE, 1st Fl.
Washington, DC 20020
Phone: (202) 727-4559 Fax: (202) 645-6390

November 2, 2006

Sandra Gutiérrez
c/o Andrew Thompson &
Frislanda Goldfelder
Washington College of Law
4801 Massachusetts Avenue, NW, Suite 417
Washington, DC 20016

Reference: *Sandra Gutiérrez v. Red Coats, Inc.*
Docket No.: 06-144-P (CN)
EEOC No.: 10CA600107

Dear Ms. Gutiérrez:

In a letter dated October 30, 20906, you requested through counsel that the complaint you filed with the D.C. Office of Human Rights on January 31, 2006 be withdrawn so that you can seek redress of your grievances through a lawsuit. Therefore, in accordance with the District of Columbia Human Rights Act of 1977, as amended September 2002 (D.C. Code, Title 2, Chapter 14), your complaint has been closed administratively with no finding being made on the merits of the allegations.

If you have any questions, please contact Dianne Betz, Supervisory Equal Opportunity Specialist, at (202) 727-4559.

Sincerely,

Kenneth L. Saunders
Director

KLS/ct


PLAINTIFF'S EXHIBIT 2

RC- Kelso Stewart

| | |
|---|---|
| From: | Cynthia cumbo [ccumbo@lenkin.com] |
| Sent: | Friday, April 01, 2005 3:41 PM |
| To: | RC- Kelso Stewart |
| Subject: | Employees at 212 Virginia Avenue |

Pursuant to our telephone conversation today, please replace the following employees: Hugo Panc, and Sandra Guiarez,

We have had too many problems during Charlene's absence, regarding the staff communicating their discrepancies with the tenants and building engineers.

Please make sure their replacements are English speaking individuals, and that they are willing to work with their peers. Also, please make they communicate directly with you and their supervisor regarding any issues or concerns.
Thanks

Cynthia R. Cumbo
Property Manager



PLAINTIFF'S EXHIBIT 3

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS
Sandra Gutierrez c/o Jayesh Rathod, Esquire
International Human Rights Law Clinic - American University
4801 Massachusetts Avenue, NW, Suite 417
Washington, DC  20016

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF __11001__
**(EXCEPT IN U.S. PLAINTIFF CASES)**

## DEFENDANTS
Red Coats, Inc.
4401 East-West Highway
Bethesda, MD  20814

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT __8888__
**(IN U.S. PLAINTIFF CASES ONLY)**
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Jayesh Rathod, Esquire
International Human Rights Law Clinic - American University
4801 Massachusetts Avenue, NW, Suite 417
Washington, DC  20016     (202)-274-4459

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

### ☐ A. *Antitrust*
- ☐ 410 Antitrust

### ☐ B. *Personal Injury/Malpractice*
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Medical Malpractice
- ☐ 365 Product Liability
- ☐ 368 Asbestos Product Liability

### ☐ C. *Administrative Agency Review*
- ☐ 151 Medicare Act

**Social Security:**
- ☐ 861 HIA ((1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g)
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g)

**Other Statutes**
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ☐ D. *Temporary Restraining Order/Preliminary Injunction*

**Any nature of suit from any category may be selected for this category of case assignment.**

*(If Antitrust, then A governs)*

## ☐ E. *General Civil (Other)* OR ☐ F. *Pro Se General Civil*

**Real Property**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent, Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**Personal Property**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**Bankruptcy**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**Property Rights**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**Federal Tax Suits**
- ☐ 870 Taxes (US plaintiff or defendant
- ☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
- ☐ 610 Agriculture
- ☐ 620 Other Food &Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 RR & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**Other Statutes**
- ☐ 400 State Reapportionment
- ☐ 430 Banks & Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation

- ☐ 470 Racketeer Influenced & Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Satellite TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 900 Appeal of fee determination under equal access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ☐ **G.** *Habeas Corpus/ 2255*<br><br>☐ **530 Habeas Corpus-General**<br>☐ **510 Motion/Vacate Sentence** | ☒ **H.** *Employment Discrimination*<br><br>☒ **442 Civil Rights-Employment** (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ **I.** *FOIA/PRIVACY ACT*<br><br>☐ **895 Freedom of Information Act**<br>☐ **890 Other Statutory Actions** (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ **J.** *Student Loan*<br><br>☐ **152 Recovery of Defaulted Student Loans (excluding veterans)** |
|---|---|---|---|
| ☐ **K.** *Labor/ERISA (non-employment)*<br><br>☐ **710 Fair Labor Standards Act**<br>☐ **720 Labor/Mgmt. Relations**<br>☐ **730 Labor/Mgmt. Reporting & Disclosure Act**<br>☐ **740 Labor Railway Act**<br>☐ **790 Other Labor Litigation**<br>☐ **791 Empl. Ret. Inc. Security Act** | ☐ **L.** *Other Civil Rights (non-employment)*<br><br>☐ **441 Voting (if not Voting Rights Act)**<br>☐ **443 Housing/Accommodations**<br>☐ **444 Welfare**<br>☐ **440 Other Civil Rights**<br>☐ **445 American w/Disabilities-Employment**<br>☐ **446 Americans w/Disabilities-Other** | ☐ **M.** *Contract*<br><br>☐ **110 Insurance**<br>☐ **120 Marine**<br>☐ **130 Miller Act**<br>☐ **140 Negotiable Instrument**<br>☐ **150 Recovery of Overpayment & Enforcement of Judgment**<br>☐ **153 Recovery of Overpayment of Veteran's Benefits**<br>☐ **160 Stockholder's Suits**<br>☐ **190 Other Contracts**<br>☐ **195 Contract Product Liability**<br>☐ **196 Franchise** | ☐ **N.** *Three-Judge Court*<br><br>☐ **441 Civil Rights-Voting (if Voting Rights Act)** |

## V. ORIGIN

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ Multi district Litigation  ☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

Plaintiff files this action pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e et seq. (2000) and the District of Columbia Human Rights Act, as amended DC Code 2-1401 et seq. (2006).  Plaintiff seeks compensatory damages for her illegal and discriminatory dismissal on the bases of national origin and race.

**VII. REQUESTED IN COMPLAINT**   CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23  ☐     **DEMAND $**     Check YES only if demanded in complaint   **JURY DEMAND:** ☐ YES  ☒ NO

**VIII. RELATED CASE(S) IF ANY**   (See instruction)  ☐ YES  ☒ NO   If yes, please complete related case form.

**DATE** 12/27/06     **SIGNATURE OF ATTORNEY OF RECORD**

---

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The **JS-44** civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  Listed below are tips for completing the civil cover sheet.  These tips coincide with the Roman Numerals on the Cover Sheet.

**I.**   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT  (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

**III.**  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section **II**.

**IV.**  CASE ASSIGNMENT AND NATURE OF SUIT:   The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint.  You may select only one category.  You must also select one corresponding nature of suit found under the category of case.

**VI.**  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

**VIII.** RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.