UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SANDRA GUTIERREZ, :
:
    Plaintiff, :
:
v. : Civil No. 1:06CV02217
: Judge Richard W. Roberts
RED COATS, INC., :
:
    Defendant. :

## *ANSWER*

Pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure, Defendant Red Coats, Inc. ("Defendant") answers Plaintiff Sandra Gutierrez's Complaint as follows:

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

1. Paragraph 1 of the Complaint avers subject matter jurisdiction, which does not require a response.

2. Defendant states that the averments in paragraph 2 of the Complaint assert conclusions of law, which do not require an answer. To the extent an answer is required, Defendant denies the averments in paragraph 2 of the Complaint.

3. Defendant states that the averments in paragraph 3 of the Complaint assert conclusions of law, which do not require an answer. To the extent an answer is required, Defendant denies the averments in paragraph 3 of the Complaint.

### PARTIES

4. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in the first sentence of paragraph 4 of the Complaint. Defendant admits the remaining averments of paragraph 4 of the Complaint.

5. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in the first sentence of paragraph 5 of the Complaint.

6. Defendant denies the averments in the first sentence of paragraph 6 of the Complaint. Defendant admits the remaining averments in paragraph 6 of the Complaint.

## EXHAUSTION OF REMEDIES

7. Defendant states that the averments in paragraph 7 of the Complaint assert conclusions of law, which do not require an answer. To the extent an answer is required, Defendant denies the averments in paragraph 7 of the Complaint.

## STATEMENT OF FACTS

8. Defendant admits the averments of paragraph 8 of the Complaint.

9. Defendant admits the averments of the first sentence of paragraph 9 of the Complaint except that it denies the averments that Plaintiff had "limited English proficiency" because the phrase is vague, ambiguous and subject to interpretation.

10. Defendant admits the averments of paragraph 10 of the Complaint.

11. Defendant admits the averments of paragraph 11 of the Complaint.

12. Defendant admits the averments of paragraph 12 of the Complaint.

13. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 13 of the Complaint that Lenkin had a second property engineer who was an African-American male. Defendant admits the remaining averments of paragraph 13 of the Complaint.

14. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 14 of the Complaint.

15. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 15 of the Complaint.

16. Defendant admits the averments in paragraph 16 of the Complaint.

17. Defendant denies the averments in paragraph 17 of the Complaint.

18. Defendant denies the averments in the first sentence of paragraph 18 of the Complaint. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in paragraph 18 of the Complaint.

19. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in the first sentence of paragraph 19 of the Complaint. Defendant denies the remaining averments in paragraph 19 of the Complaint.

20. Defendant denies the averments in paragraph 20 of the Complaint.

21. Defendant denies the averments in paragraph 21 of the Complaint.

22. Defendant admits the averments in paragraph 22 of the Complaint.

23. Defendant admits the averments in the first sentence of paragraph 23 of the Complaint. Defendant denies the remaining averments in paragraph 23 of the Complaint.

24. Defendant denies the averments in paragraph 24 of the Complaint.

25. Defendant admits the averments in the first sentence of paragraph 25 that on April 4, 2005 Plaintiff appeared at the referenced location. Defendant denies the remaining averments in the first sentence of paragraph 25 of the Complaint. Defendant denies the averments in the second sentence of paragraph 25 of the Complaint. Defendant admits that Plaintiff was given a copy of the referenced email, but denies that it occurred on April 4, 2005. Defendant also denies the remaining averments in the third sentence of paragraph 25 of the Complaint. Defendant further answers that the document referenced in paragraph 25 of the Complaint speaks for itself. Any quotation or characterization of the document that is incomplete, inaccurate or misleading is denied.

26. Defendant admits the averments in the first sentence of paragraph 26 of the Complaint that Ms. Anderson presented Plaintiff with a third warning, which was written in English, and requesting she review and acknowledge the warning. Defendant admits that Plaintiff refused to sign the written warning. Defendant denies the remaining averments in paragraph 26 of the Complaint.

27. Defendant admits the averments in paragraph 27 of the Complaint that it requested Plaintiff to turn over her building-issued identification badge. Defendant denies the remaining averments in paragraph 27 of the Complaint.

28. Defendant admits the averments in paragraph 28 of the Complaint.

29. Defendant admits the averments in paragraph 29 of the Complaint that Mr. Paz was advised he no longer could work at the referenced location. Defendant further admits that an African-American male replaced Mr. Paz at the referenced location. Defendant denies the remaining averments in paragraph 29 of the Complaint.

30. Defendant denies the averments in paragraph 30 of the Complaint.

## COUNT I
### (Discrimination on the Basis of National Origin and Race -- Title VII)

31. Defendant incorporates by reference herein its answers to paragraphs 1 through 30 as if repeated fully herein.

32. Defendant denies the averments in paragraph 32 of the Complaint.

33. Defendant denies the averments in paragraph 33 of the Complaint.

34. Defendant denies the averments in paragraph 34 of the Complaint.

35. Defendant denies the averments in paragraph 35 of the Complaint.

36. Defendant denies the averments in paragraph 36 of the Complaint.

37. Defendant denies the averments in paragraph 37 of the Complaint.

38. Defendant denies the averments in paragraph 38 of the Complaint.

39. Paragraph 39 of the Complaint sets forth Plaintiff's claim for relief, which does not require an answer. To the extent an answer is required, Defendant denies the averments in paragraph 39 of the Complaint.

## COUNT II
### (Discrimination on the Basis of National Origin and Race -- DC Human Rights Act)

40. Defendant incorporates by reference herein its answers to paragraphs 1 through 39 as if repeated fully herein.

41. Defendant denies the averments in paragraph 41 of the Complaint.

42. Defendant denies the averments in paragraph 42 of the Complaint.

43. Defendant denies the averments in paragraph 43 of the Complaint.

44. Defendant denies the averments in paragraph 44 of the Complaint.

45. Defendant denies the averments in paragraph 45 of the Complaint.

46. Defendant denies the averments in paragraph 46 of the Complaint.

47. Defendant denies the averments in paragraph 47 of the Complaint.

48. Paragraph 48 of the Complaint sets forth Plaintiff's claim for relief, which does not require an answer. To the extent an answer is required, Defendant denies the averments in paragraph 48 of the Complaint.

## THIRD DEFENSE

Plaintiff's claims fail because she did not adequately perform her job duties and was not qualified for the position.

## FOURTH DEFENSE

Plaintiff's claims fail because Defendant made the challenged employment decision for legitimate, non-discriminatory business reasons.

### FIFTH DEFENSE

Plaintiff's claims fail because she failed to exhaust her administrative remedies prior to filing this civil action.

### SIXTH DEFENSE

Plaintiff's federal claims fail because she failed to file her administrative complaint in a timely fashion.

### SEVENTH DEFENSE

Plaintiff's claims fail because she failed to file this civil action within the applicable statutes of limitation.

### EIGHTH DEFENSE

Plaintiff's claims are barred because Defendant acted in good faith at all times in connection with Plaintiff's employment.

WHEREFORE, having fully responded to Plaintiff's Complaint, Defendant respectfully requests the Court dismiss with prejudice the Complaint, award it costs, and for such further legal and equitable relief the Court deems appropriate.

Respectfully submitted,

FUREY, DOOLAN & ABELL, LLP


By: /s/ Michael F.X. Dolan, Jr.
Michael A. Dymersky, #370593
Michael F.X. Dolan, Jr., #430078
8401 Connecticut Avenue
Suite 1100
Chevy Chase, MD 20815
(301) 652-6880

Attorneys for Defendant

7

## CERTIFICATE OF SERVICE

     I hereby certify that on this 6th day of February 2007, a copy of the foregoing document was served, by filing with the Court's CM/ECF system, upon Jayesh Rathod, Esquire, International Human Rights Law Clinic, Washington College of Law, American University, 4801 Massachusetts Avenue, Suite 417, Washington, D.C. 20016, attorneys for plaintiff.

                               /s/  Michael F.X. Dolan, Jr.
                               Michael F.X. Dolan, Jr.