UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SANDRA GUTIERREZ, | : <br> : <br> : |
| Plaintiff, | : <br> : |
| v. | :    Case No. 1:06-CV-2217 (RWR) <br> : |
| RED COATS, INC., | : <br> : |
| Defendant. | : <br> : |

## JOINT RULE 16.3 STATEMENT

Pursuant to Local Rule 16.3, Fed. R. Civ. P. 26, and this Court's Order dated February 23, 2007, counsel for Plaintiff Sandra Gutierrez and Defendant Red Coats, Inc., conferred by telephone on March 5, 2007, and reached the agreements set forth herein.

The parties report as follows with respect to the matters set forth in Local Rule 16.3.

<u>Statement of the Case and Statutory Basis for Causes of Action and Defenses</u>

This case raises claims of discrimination in employment in the District of Columbia. Plaintiff alleges that Defendant terminated her because of her national origin (El Salvadoran) and race (Hispanic).

Specifically, Plaintiff alleges that she is a member of a protected class, she was qualified for the position and was meeting Defendant's expectations as a member of a Red Coats cleaning crew. Defendant terminated her employment on April 4, 2005, and replaced her with an individual of a different national origin and race. Plaintiff timely filed a complaint against Defendant with DC Office of Human Rights and the Equal Employment Opportunity Commission (EEOC). The complaint was withdrawn prior to any decision made by the DC

Office of Human Rights or EEOC. Pursuant to Title VII of the Civil Rights Act of 1964 (Title VII) and the District of Columbia Human Rights Act (DCHRA), Plaintiff seeks compensatory damages for her illegal and discriminatory dismissal on the bases of national origin and race.

Defendant submits that Plaintiff's claims fail because:

(1)  the Complaint fails to state a claim upon which relief can be granted;

(2)  Plaintiff did not adequately perform her job duties and was not qualified for the position;

(3)  Defendant made the challenged employment decision for legitimate, non-discriminatory business reasons;

(4)  Plaintiff failed to exhaust her administrative remedies prior to filing this civil action;

(5)  Plaintiff's federal claims fail because she failed to file her administrative complaint in a timely fashion.

(6)  Plaintiff failed to file this civil action within the applicable statutes of limitation.

**(7)**  Defendant acted in good faith at all times in connection with Plaintiff's employment.

1.  <u>Dispositive Motions</u>:  Plaintiff does not believe this case can be resolved by dispositive motion. Defendant submits that the case can be resolve through a dispositive motion.

2.  <u>Joining of Parties/Amended Pleadings/Legal or Factual Issues</u>:  At the present time, the parties do not anticipate joining any other party or amending the pleadings. Nevertheless, the parties agree that any joining of parties or amended pleadings shall be filed within 60 days after entry of a Scheduling Order by this Court.

It is unclear at the present time whether any legal or factual issues can be narrowed. The parties believe that upon further discussion, the parties may come to an agreement as to legal or factual issues that can be narrowed.

3. <u>Assignment to Magistrate Judge</u>: The parties consent to assignment of the case to a Magistrate Judge.

4. <u>Settlement Possibility</u>: The parties are in preliminary settlement discussions. While it is currently unclear if the parties can reach a settlement agreement, the parties will make a good faith effort to do so.

5. <u>Alternative Dispute Resolution</u>: If the parties cannot independently reach a settlement agreement, Plaintiff is open to participating in the Court's Alternative Dispute Resolution procedures in the form of mediation. Plaintiff's counsel have discussed ADR procedures with Plaintiff.

Defendant's counsel has discussed with Defendant ADR, but is unable to respond at this time as to whether Defendant would participate in mediation because Plaintiff has not yet conveyed any settlement demand. Defendant previously participated in mediation in the DC Human Rights proceeding, but the parties could not reach agreement on resolution of the dispute.

6. <u>Dispositive Motions</u>: Plaintiff does not believe this case can be resolved by dispositive motion. Defendant submits that the case can be resolve through a dispositive motion. The parties agree that any dispositive motions should be filed 30 days after the close of discovery, that any oppositions should be filed within 14 days of the filing of the dispositive motion, and that any replies should be filed 11 days thereafter.

7. <u>Initial Disclosures</u>: The parties agree to make Fed. R. Civ. P. 26(a)(1) disclosures by April 16, 2007.

8. <u>Discovery</u>: The parties propose the following time frames and limits for discovery:

| | |
|---|---|
| Initial Disclosures | April 16, 2007 |
| Deadline for Post-R. 26(a) Discovery Requests | April 30, 2007 |
| Proponent's R. 26(a)(2) Statements | May 21, 2007 |
| Opponent's R. 26(a)(2) Statements | June 25, 2007 |
| Discovery Closed | Plaintiff proposes: September 1, 2007<br>Defendant proposes: July 25, 2007 |

<u>Limits on</u>:

| | |
|---|---|
| Interrogatories | 25 |
| Depositions | Plaintiff proposes: 10 each side<br>Defendant proposes: 5 each side |

9. <u>Experts</u>: The parties agree to exchange expert witness reports, if any, pursuant to Federal Rule of Civil Procedure 26(a)(2).

10. <u>Class Action</u>: The class action section does not apply to the present action.

11. <u>Bifurcation</u>: The parties do not anticipate the need to bifurcate the trial or discovery.

12. <u>Pretrial Conference</u>: The parties agree that a pretrial conference should be set within 30 days after the close of discovery or the Court rules on any dispositive motion, whichever is later.

13. <u>Trial</u>: The parties agree that a trial date should be set at the Pretrial Conference.

14. <u>Other Matters</u>: The parties are not aware of any other matters that would be appropriate for inclusion in a Scheduling Order. A proposed order is attached.

Respectfully submitted,

| | |
|---|---|
| AMERICAN UNIVERSITY INTERNATIONAL HUMAN RIGHTS LAW CLINIC | FUREY, DOOLAN & ABELL, LLP. |
| By: /s/ _____<br>Jayesh M. Rathod [# 480094]<br>Frislanda S. Goldfeder, Student Atty<br>Andrew L. Thompson, Student Atty<br>Washington College of Law<br>American University<br>4801 Massachusetts Avenue, NW<br>Suite 417<br>Washington, DC 20016<br>Tel. (202) 274-4459<br>Fax (202) 274-0659<br>jrathod@wcl.american.edu<br><br>*Attorneys for Plaintiff* | By: /s/ _____<br>Michael F.X. Dolan, Jr. [#430078]<br>Michael A. Dymersky [#370593]<br>8401 Connecticut Avenue, NW<br>Suite 1100<br>Chevy Chase, MD  20815<br>Tel. (301) 652-6880<br>Fax. (301) 652-8972<br>mdolan@fdalaw.com<br><br>*Attorneys for Defendant* |

Dated:  March 9, 2007

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **SANDRA GUTIERREZ,** | : |
| | : |
| **Plaintiff,** | : |
| | : |
| v. | : Case No. 1:06-CV-2217 (RWR) |
| | : |
| **RED COATS, INC.,** | : |
| | : |
| **Defendant.** | : |
| | : |

## SCHEDULING ORDER

Under Fed. R. Civ. P. 16, as amended, the Court is required to set a schedule for discovery and the filing of motions. Accordingly, it is ORDERED by this Court as follows:

| | |
|---|---|
| Initial Disclosures | April 16, 2007 |
| Deadline for Post-R. 26(a) Discovery Requests | April 30, 2007 |
| Proponent's R. 26(a)(2) Statements | May 21, 2007 |
| Opponent's R. 26(a)(2) Statements | June 25, 2007 |
| Discovery Closed | _____, 2007 |

_____
Richard W. Roberts
Judge, U.S. District Court for the
District of Columbia

Dated: March \_\_\_\_, 2007